[Civ. No. 3679. Fourth Dist. June 18, 1948.]

THE PEOPLE, Respondent, v. AL. G. SMITH CO. LTD. (a Corporation) et al., Defendants; CURTIS I. SAW-DEY et al., Appellants.

Horton & Knox and George R. Kirk for Appellants.

Holloway Jones, Lincoln V. Johnson, George C. Hadley, Joseph F. DeMartini and Jack M. Howard for Respondent.

GRIFFIN, J.—Appellants Sawdays are the owners of a tract of land lying west of and adjacent to state Highway 99 north of the city of El Centro. This property consists of 600 acres and has approximately 2,000 feet frontage on the highway. Respondent sought to condemn a right of way in fee and access rights for freeway purposes affecting the property over which an easement for a public highway already existed and which, for many years, had been used as a public road. There was reserved to appellants, as owners of the abutting lands, the right of access to the freeway at three separated 30-foot sections.

Appellants answered the complaint, alleged the value of the fee sought to be taken as $5,000 and the damage done to the remainder of the property by the taking as $10,000. Neither appellants nor respondent offered any evidence as to the value of the fee for freeway purposes which was sought to be condemned. All of the evidence related to the value of appellants' 600 acres for either industrial or commercial purposes, or any increase or decrease in value thereof by reason of the freeway improvement.

As we construe appellants' contention at the trial, they based their entire claim upon their right to receive an award as compensation for damages to their abutting land allegedly resulting from the impairment of access to their property by the construction of the freeway. They properly attempted

to prove such damage through opinion evidence as to the value of such land before and after the taking. Apparently appellants did not seek, and there is no evidence supporting a claim for compensation for the value of the nominal interests condemned. (*Southern Pacific R. R. Co.* v. *San Francisco Savings Union,* 146 Cal. 290 [79 P. 961, 106 Am.St.Rep. 36, 2 Ann.Cas. 962, 70 L.R.A. 221].) There is evidence that the value of appellants' land as acreage for farm purposes was $500 per acre, and for commercial purposes, $1,500 to $2,000 per acre. It was argued that 15 5-acre tracts could be carved out of appellants' land along the highway and that by the taking of the access rights it would be necessary for appellants to construct a road inside of their property line.

According to respondent's evidence, the highway, before the new improvements, consisted of two lanes with a "borrow pit" outside of and parallel to appellants' boundary line, over which driveways were constructed with culverts giving access to the abutting land. Appellants had three such openings onto their property. The new proposed openings compared favorably in alignment with the existing ones. The new improvement would have a 23-foot traffic lane with an 8-foot shoulder and the roadway would be leveled off and the present drop eliminated along the edge of the pavement.

Expert witnesses produced by respondent testified that in their opinion there was no damage by the taking of the access rights and that full access would be given to the abutting property by the construction of three other entrances near the three entrances now available to appellants, and considering the size of appellants' tract the benefits from the new highway would offset any possible damage.

The jury viewed the premises and made its own observation, which is independent evidence supporting its verdict that defendants were not entitled to recover damages thus claimed. (*City of Oakland* v. *Adams,* 37 Cal.App. 614 [174 P. 947]; *Southern California Edison Co.* v. *Gemmill,* 30 Cal. App.2d 23 [85 P.2d 500].) The trial judge passed upon the sufficiency of the evidence to support the findings of the jury on a motion for new trial, to which ruling certain presumptions are indulged. (*Urbina* v. *McLaughlin,* 24 Cal.App.2d 615 [75 P.2d 616].)

The sole issue tried and the jury found "That by reason of the taking by the plaintiff of certain access rights . . . and the construction of the improvement by the plaintiff, the dam-

age, if any, which will accrue to the remainder of said property . . ." is "$none."

It has been recognized that a property owner abutting upon a public street has a property right in the nature of an easement of ingress and egress to and from his property and that right cannot be damaged nor taken away from him without due compensation. (*Lane* v. *San Diego Electric Ry. Co.*, 208 Cal. 29, 33 [280 P. 109]; *Bacich* v. *Board of Control*, 23 Cal.2d 343, 349 [144 P.2d 818].)

*Rose* v. *State of California*, 19 Cal.2d 713, 737 [123 P.2d 505], quotes the general rule that (1) "Where private property is taken for a public use, it is universally agreed that the compensation required is to be measured by the market value of the property taken." (2) "Where private property is taken for a public use and damage results to the remaining property of the landowner, compensation for such damage must be awarded which is measured by the diminution in value of that property which remains." (3) "If the state is required to make compensation for damage to private property resulting from a public use, where no property is actually taken, the measure of damages generally applied is also the diminution in the value of the property caused by the public use."

It appears to us that the facts here related bring appellants within the second rule above mentioned and the only way to measure the injury done by an invasion of that right is to ascertain the depreciation in market value of the physical property from the construction and operation of the public improvement. In so doing, it is impossible to disregard the item of benefits accruing to such land by reason thereof. (*Collier* v. *Merced Irrigation Dist.*, 213 Cal. 554, 571 [2 P.2d 790].) If the abutting land is not depreciated in market value, there is no legal injury and consequently no right to compensation. (*Bohm* v. *Metropolitan El. Ry. Co.*, 129 N.Y. 576 [29 N.E. 802, 14 L.R.A. 344]; *United States* v. *Welch*, 217 U.S. 333 [30 S.Ct. 527, 54 L.Ed. 787]; 29 C.J.S. § 167, p. 1038, n. 27; 18 Am.Jur. § 250, p. 888; *Eachus* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 614, 620 [37 P. 750, 42 Am.St.Rep. 149].)

As we view it, the evidence on this issue in the instant action, shows nothing more than a conflict to be determined by the jury and upon which no question of law arises.

The only remaining question involves a ruling of the court pertaining to an objection to a question propounded

by counsel for appellants to their witness (a construction-work contractor) as to the probable cost of building a 25-foot highway or roadway on the Sawday property inside of their fence line for a distance of 2,000 feet for the purpose of service to their property if used for commercial purposes. The objection was sustained. Appellants argue that they were entitled to show by this witness the cost of such construction as a possible element of damages, citing *Colusa County* v. *Hudson,* 85 Cal. 633, 637 [24 P. 791]. The rules governing the method of determining the value of the property sought to be condemned or damages for such taking are summarized in *People* v. *Ricciardi,* 23 Cal.2d 390 [144 P.2d 799]. Section 1248, Code of Civil Procedure, provides that the court must hear legal testimony and ascertain and assess: ''1. The value of the property sought to be condemned. . . .'' (In the instant case no evidence was offered as to the value of any particular property right, including the right to ingress and egress.) ''2. If the property sought to be condemned constitutes only a part of a larger parcel,'' the court must ascertain and assess all ''*damages* which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvement. . . .'' Paragraph 3 provides the manner in which the question of damages and benefits may be offset against each other.

■ The market value is the yardstick in this state for estimating actual value or compensation in eminent domain proceedings. (Code Civ. Proc., § 1249; *Sacramento etc. R. R. Co.* v. *Heilbron,* 156 Cal. 408, 414 [104 P. 979].) Of necessity ''value'' must be arrived at from the opinions of well-informed persons, based upon the purposes for which the property is suitable. '(*San Diego Land & T. Co.* v. *Neale,* 78 Cal. 63 [20 P. 372, 3 L.R.A. 83]; 10 Cal.Jur. § 68, p. 358; 10 Cal.Jur. § 70, p. 362.) Such persons, as well as the owner, may give their reasons for their opinions and explain the various factors, if proper, that they have considered in reaching their opinions. (*Long Beach City High School District* v. *Stewart,* 30 Cal.2d 763, 773 [185 P.2d 585].) ■ In the instant case the owner Curtis I. Sawday testified fully on direct examination as to the adaptabilities of the property and that to preserve the value for commercial use it would be necessary to construct a cement road inside of the property line. He also gave his opinion as to the difference in value of the land for

farming and commercial purposes before and after the construction of the improvements. To allow appellants to prove as a collateral fact the cost of constructing a roadway for a special use would be to impose a purported additional element of damage, upon a ''before and after'' theory of depreciation in market value, necessarily embracing all the component parts.

The physical condition of the entire property and its relation to the improvements contemplated were well known to the witnesses testifying as to value. The jury viewed the premises. Those witnesses, as well as the jury, may have considered this factor. It would have been improper to claim and prove this additional damage by direct evidence. We must assume, in support of the verdict, that any damage to appellants' 600 acres that was legally established, was offset by benefits accruing to it by virtue of the improvements. The objection to the question, as propounded, was properly sustained.

Judgment affirmed.

Barnard, P. J., and Mussell, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 12, 1948. Carter, J., and Schauer, J., voted for a hearing.