[Civ. No. 18269.   Second Dist., Div. Three.   Sept. 25, 1951.]

JOSHUA LIPMAN, a Minor, etc., Appellant, v. JOHN S. ASHBURN et al., Respondents.

J. George Bragin for Appellant.

Parker, Stanbury, Reese & McGee for Respondents.

SHINN, P. J.—This is an action brought by a minor, through his guardian *ad litem,* to recover for injuries sustained when his motorcycle collided with a truck of Ashburn Bros. Heating Company driven by its agent Teubner. Verdict and judgment were for the defendants and plaintiff appeals.

The sufficiency of the evidence to justify the verdict is not questioned. The grounds of the appeal are: (1) The exclusion of expert testimony; (2) refusal to reopen the case for the purpose of receiving additional evidence, and (3) refusal of an instruction requested by plaintiff.

The collision occurred at the intersection of Edinburgh Avenue and Fourth Street in the city of Los Angeles. Plaintiff approached the intersection from the south; the truck approached it from the west. Traffic on Edinburgh was not controlled by a boulevard stop sign at Fourth Street but east and west traffic on Fourth Street was so controlled. Testimony was given by Teubner and another employee who was riding with him that the truck was brought to a stop and proceeded slowly through the intersection. Teubner testified that before he entered the intersection he looked both ways on Edinburgh and saw nothing; when the front of the truck was about the center of Edinburgh he saw the motorcycle about 75 feet south of the intersection; he applied his brakes immediately and stopped the truck within 8 or 9 feet, when it was struck by the motorcycle on the right side behind the cab. Plaintiff testified that when he was 100 feet from the intersection he saw the truck approaching from the west, assumed it would make the boulevard stop, observed it was not going to stop, speeded up his motorcycle to pass in front of the truck, realized this was not feasible, applied his brakes, endeavored to turn to the right with the truck but did not succeed. He had accelerated the motorcycle "to its full extent." He had been going about 25 miles an hour and was going at least 40 miles an hour when he applied his brakes. Testimony was given by a police officer that the motorcycle skidded 65 feet up to the point of the collision.

After defendants' evidence was closed plaintiff produced, as a witness, Frank C. Lynch, a consulting engineer. Hypothetical facts were stated to the witness which he said were sufficient to enable him to form a scientific opinion as to the speed of the motorcycle. He was asked to state his opinion. An objection was interposed upon numerous grounds and was sustained. Defendants had offered no direct evidence as to the speed of the motorcycle although they had established the length of the skid marks. The only direct evidence as to the

speed of the motorcycle was given by plaintiff, namely, that when he applied his brakes he was going at least 40 miles an hour. Plaintiff's hypothetical question assumed that the motorcycle had left skid marks of 65 feet. It was evidently plaintiff's purpose to have the witness estimate the speed of the motorcycle which was indicated by the skid marks. But if we assume that the witness should have been allowed to state his opinion the record fails to show prejudicial error. Plaintiff did not, at the time the objection was made nor afterward, state what he expected would be the testimony of the witness. The record leaves us in the dark as to whether the opinion would have supported or contradicted plaintiff's testimony as to his speed. Defendants had offered no expert evidence as to the rate of speed that was indicated by the skid marks. It was incumbent upon plaintiff to state what he expected to prove by the witness. His question did not indicate what the answer would be. It is therefore impossible for this court to know whether the answer would have been favorable to plaintiff, whether it would have been corroborative or contradictory of plaintiff's testimony, and whether its exclusion was either erroneous or prejudicial. Prejudicial error will not be presumed under such circumstances. The rule which applies here was clearly stated in *Brown* v. *Southern Pac. Co.*, 92 Cal.App.2d 639 [207 P.2d 632]. Appellant's first ground of appeal is therefore untenable.

The next point is that plaintiff's witness, Mrs. Dearing, intended to be used in rebuttal, failed to appear when expected and that the court granted plaintiff insufficient time for her to come to court. On Friday afternoon at adjournment plaintiff announced that his evidence was closed. Defendants' evidence consumed less than the morning session on Monday. An early adjournment was had until 2 o'clock to enable plaintiff's attorney to examine some pictures. It appears that before the opening of the afternoon session plaintiff asked time for the production of an additional witness. The opening of court was deferred for 25 minutes in compliance with plaintiff's request. Plaintiff produced the above mentioned expert witness. After this witness had been excused plaintiff stated that he was expecting another witness, a Mrs. Dearing, and asked a delay of 5 or 10 minutes. Proceedings were suspended for 20 minutes. Further discussion occupied an additional 12 minutes. It appears from the record that Mrs. Dearing finally appeared in court at 20 minutes to 4. Argument was under way and plaintiff

did not ask to call her to the stand. On Tuesday morning plaintiff moved to reopen the case for the receipt of Mrs. Dearing's testimony. The motion was denied. During the foregoing proceedings it was disclosed that Mrs. Dearing was under subpoena by plaintiff but had been excused by plaintiff's counsel, to appear upon request. No statement was made in open court, nor does the record show that the court was advised as to the testimony Mrs. Dearing would give. On plaintiff's motion for a new trial Mrs. Dearing made affidavit that she had witnessed the accident and that the truck made no stop before entering the intersection.

The described proceedings lay within the discretion of the trial court. In the absence of a clear abuse of discretion it cannot be said that justice has miscarried. The trial judge was patient and fair. There is a hazard in excusing a witness to appear on call which counsel should anticipate. Reasonable indulgence on the part of the court upon the failure of a witness to appear when wanted is all that should be expected, and such indulgence was granted in the present case. But even if counsel had stated what he expected to prove by Mrs. Dearing the court would not have been required to delay proceedings for her to appear. ■ Evidence that the truck did not stop before entering the intersection was an essential part of the case in chief. Plaintiff did not have a right to withhold her testimony for the purpose of offering it in rebuttal.

■ It is well settled that a party who has the affirmative may not reserve a portion of his evidence until the opposite party has exhausted his to negative that offered in the first instance, and if he does so, the court may refuse to allow him to come in and make out his case after the defendant rests (24 Cal.Jur., Trial, §§ 45, 48). Plaintiff had far less claim upon the court's indulgence in delaying proceedings than he would have had if he had endeavored to use Mrs. Dearing's testimony as a part of his case in chief, and she had made a tardy appearance. There was no abuse of discretion.

■ It was not error to refuse the instruction requested by plaintiff that it was to be presumed that he used ordinary care for his own safety. Plaintiff had given full and explicit testimony as to his conduct. It would have been error to give the instruction. (*Ford* v. *Chesley Transportation Co.*, 101 Cal.App.2d 548 [225 P.2d 997].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.