[L. A. No. 23936.   In Bank.   June 6, 1956.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC
WORKS, Respondent, v. A. M. DUNN et al., Appellants.

James A. Moore and George A. Westover for Appellants.

George C. Hadley, R. B. Pegram, Herbert J. Williams, Albert J. Day and Joseph A. Montoya for Respondent.

GIBSON, C. J.—Defendant owners have appealed from a judgment condemning two parcels of land for highway purposes. Parcel 1 consisted of several lots at the end of an unimproved block owned by defendants, and Parcel 2 consisted of two lots separated from Parcel 1 by an intervening street. The owners commenced construction of a garage on Parcel 2 about August 1, 1953, and assertedly spent some $12,000 on the building prior to commencement of this action. On August 19 the Highway Commission adopted a resolution determining that public interest and necessity required the condemnation of the two parcels, and on August 25 this action was brought.

The People and the owners each produced two expert witnesses who gave conflicting opinions as to damages. With reference to Parcel 1, the estimates of value ran from $8,340 to $32,000, the severance damage from nil to $4,000, and the benefit to the remainder of the property from nil to $5,000. As to Parcel 2, the values ranged from $15,000 to $46,550. The jury, which viewed the premises, found that the value of Parcel 1 was $11,000, the severance damage was $500, and the special benefit to the remainder was $2,000, and that the value of Parcel 2 was $15,000. Judgment was thereafter entered awarding $11,000 for Parcel 1 and $15,000 for Parcel 2.

The principal question is whether the court erred in rejecting evidence concerning a lease on Parcel 2. The lease, dated July 31, 1953, was for a term of 25 years, and it provided that the owners should construct a building for garage purposes and that the lessees should pay any increase in real property taxes after the first levy against the improvements. The lease was first mentioned during the direct exami-

nation of the owners' witness, Harrington, who testified that he had the lease in mind in appraising the value of the property. On cross-examination Harrington was asked to give a breakdown of the value of $46,550 which he placed on Parcel 2. He said he arrived at that figure by allowing $18,970 for the land, $12,580 for the partially completed building and $15,000 for the "bonus value" of the lease. The court granted a motion to strike the valuation testimony of Harrington and instructed the jury, "The witness Harrington further testified among other things in substance that in assessing the value of Parcel Number 2, he took into consideration a so-called bonus value of $15,000 on a lease on that property. You will disregard all of the testimony of the witness Harrington as to that lease to the same extent as though you never heard it." Later, when objection was made to a question asked on the direct examination of one of the lessees, the court ruled that, by analogy to cases holding that evidence of the net profit from property is not admissible, the lease would not be received in evidence.

Where it appears on cross-examination that the witness' testimony as to market value is based upon improper considerations, it may be stricken from the record. (*City of Stockton* v. *Ellingwood,* 96 Cal.App. 708, 716, 722 [248 P. 272] ; *City of Redding* v. *Diestelhorst,* 15 Cal.App.2d 184, 193 et seq. [59 P.2d 177] ; see *Rose* v. *State,* 19 Cal.2d 713, 742-744 [123 P.2d 505].)

It is settled that evidence of profits derived from a business conducted on the land is too speculative, uncertain and remote to be considered as a basis for ascertaining market value. (*Stockton & Copperopolis R. Co.* v. *Galgiani,* 49 Cal. 139 [vineyard] ; *de Freitas* v. *Town of Suisun City,* 170 Cal. 263, 265-266 [149 P. 553] [agricultural land] ; *City of Los Angeles* v. *Deacon,* 119 Cal.App. 491, 494 [7 P.2d 378] [rock quarry] ; 7 A.L.R. 163, 164; 16 A.L.R.2d 1113.) On the other hand, it is the general rule that income from property in the way of rents is a proper element to be considered in arriving at the measure of compensation to be paid for the taking of property. (See 1 Orgel on Valuation under Eminent Domain (2d ed., 1953), pp. 703-704, 708-712; 5 Nichols on Eminent Domain (3d ed., 1952), pp. 212, 215-219; Jahr, Law of Eminent Domain (1953), pp. 226-228; 18 Am.Jur. § 344, p. 988; 65 A.L.R. 455; 16 A.L.R.2d 1113.) The court erred in striking the evidence

of Harrington and instructing the jury to disregard all his testimony with respect to the lease.

It is argued that the error was not prejudicial because the essential terms of the lease were before the jury and because there was evidence that the lease was entered into for the purpose of increasing the amount of the award. The evidence with respect to whether the lease was made in good faith was conflicting, and the jury was not instructed on the subject. Although plaintiff's witnesses gave some testimony concerning the terms of the lease, the jury was precluded by the instructions from considering the lease as a factor in fixing the value of the property. We are satisfied that, in view of the entire record, the error was prejudicial.

As to Parcel 1 it is contended that, in fixing the amount of severance damages, it was error to admit evidence of the probability of a change of zoning of the remainder of the block from which Parcel 1 was taken. Where the land is not presently available for a particular use by reason of a zoning ordinance or other restriction imposed by law, but the evidence tends to show a "reasonable probability" of a change in the near future, the effect of such probability upon the minds of purchasers generally may be taken into consideration in fixing present market value. (*Long Beach City H. S. Dist.* v. *Stewart*, 30 Cal.2d 763, 768-769 [185 P.2d 585, 173 A.L.R. 249], quoting with approval from 1 Nichols on Eminent Domain (2d ed.) § 219, p. 669.) Here the People's experts testified that they had made investigations and that as a result they were of the opinion that a change of zoning was reasonably or highly probable. There was no error in the admission of such testimony.

The judgment is affirmed as to Parcel 1 and reversed as to Parcel 2.

Traynor, J., Spence, J., and McComb, J., concurred.

CARTER, J., Concurring and Dissenting.—I concur in the judgment of reversal as to Parcel 2, but dissent from the judgment of affirmance as to Parcel 1. In my opinion nothing could be more speculative than prospective action of a zoning authority. It is as changeable as the political fortunes of its members. The admission of such evidence was prejudicially erroneous.

I am still in accord with the views expressed by Mr. Justice Schauer in his dissenting opinion in *Long Beach City*

*H. S. Dist.* v. *Stewart,* 30 Cal.2d 763, 775 [185 P.2d 585, 173 A.L.R. 249], that evidence of the adaptability and availability of land for all useful purposes, regardless of the purpose for which it is presently zoned, is admissible in an eminent domain proceeding.

I would therefore reverse the whole judgment.

Schauer, J., concurred.

SHENK, J., Concurring and Dissenting.—I concur in the affirmance of the judgment as to Parcel 1 but I dissent from the reversal of the judgment as to Parcel 2. Assuming that it was error to instruct the jury to disregard the portion of witness Harrington's testimony concerning the importance of the lease in determining market value, the error did not result in a miscarriage of justice. The terms of the lease were fully described by other witnesses and therefore they were otherwise before the jury.

Furthermore, the record indicates that the lease was made for the purpose of extracting an award in excess of the true market value of the parcel, and that it in fact had no proper bearing on true market value. It is conceded that the lease was executed only 26 days before the condemnation proceeding was brought and only 20 days before the Highway Commission adopted a resolution determining that public interest and necessity required the condemnation of the parcels. Witnesses for both sides agreed that at the time the lease was entered into it was common knowledge that the state was planning to make improvements on the parcels and that their acquisition was necessary to the project. The record also discloses substantial evidence that four or five months before the lease was entered into the state gave written notice to both the planning commission and the city council of the city in which Parcel 2 was situated that it intended to acquire the land; that the state's intention to acquire Parcel 2 was a matter of common knowledge well before the lease was entered into and the construction of the garage was begun; that at the request of the defendant the zone location of Parcel 2 was changed from residential to commercial after the state's intention to acquire the parcel had become commonly known; that the construction on the parcel continued to the very day when the condemnation action was filed despite the fact that it was known before that time that the state intended to acquire the parcel; that

the chances that the lessees' business would succeed were not good; that the lessees were poor credit risks, and that the $500 monthly rent was out of proportion to the value of the parcel and to the amount of business the lessees could be expected to carry on. Under the foregoing circumstances, the exclusion of Harrington's testimony concerning the lease, even if error, was not prejudicial. The requirement of just compensation does not contemplate an enhanced award brought about by unconscionable tactics.