[Civ. No. 8038. Fourth Dist., Div. Two. Oct. 7, 1966.]

THE PEOPLE EX REL. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. CARL ART-HOFER et al., Defendants and Appellants.

Robert F. Waldron and Kenneth A. Bryant for Defendants and Appellants.

Harry S. Fenton, R. B. Pegram, Richard L. Franck, Hugh R. Williams and Robert W. Vidor for Plaintiff and Respondent.

KERRIGAN, J.—This is an action in eminent domain initiated by the State of California to condemn, for freeway purposes, an unimproved parcel of real property owned by the

defendants, Carl Arthofer and Doris Arthofer. Maxwell Wright is not a real party in interest, having sold the subject parcel to the defendants Arthofer prior to the filing of the complaint, and is therefore not involved in this appeal. Defendants appeal from a judgment entered upon a jury verdict awarding them the sum of $35,000 as the fair market value for the taking of the entire parcel.

In October 1961 the aforesaid Maxwell Wright and his spouse executed a written option agreement in favor of the Arthofers pursuant to which the Arthofers acquired fee title to the land involved on April 30, 1962, for a purchase price in the sum of $52,500. The land was zoned R-1 at the time of the acquisition of title by defendants and retained the R-1 classification on the date eminent domain proceedings were commenced on August 8, 1962, a period slightly in excess of three months after defendant-owners acquired title. The date of valuation was therefore fixed by the court as August 8, 1962.

Basically, under the ordinance involved herein, R-1 permits construction of single-family residential dwellings. The defendant, Carl Arthofer, testified upon behalf of himself and his spouse to the effect that the owners purchased the subject property for R-3 use. An R-3 zone classification authorizes uses permitted by an R-1 zone together with the construction of apartments, day-care nurseries, private clubs, rest homes, and private schools.

The real property involved was a vacant, level, rectangular-shaped parcel of land located on the north side of Trask Avenue approximately 300 feet east of Harbor Boulevard in the City of Garden Grove, County of Orange, State of California, and comprised of 1.72 acres. Harbor Boulevard on the date of valuation was a major thoroughfare consisting primarily of commercial uses at the intersection involved. Trask Avenue could be generally described as a secondary highway. On the northeast corner of Harbor and Trask was situated an imposing single-family two-story residence. Proceeding in an easterly direction from said point to the north side of Trask was a vacant lot with 90-foot frontage, the westerly 30 feet of which lot was zoned commercial and the balance R-1; next to said parcel was the subject property; then two unimproved lots; then two parcels improved with single-family residential units. On the southeast corner of Harbor and Trask there was situated a Shell station; then proceeding easterly on the south side of Trask was a convalescent home, a trailer sales yard, a

fire station, a high school, and beyond the high school, multiple single-family residential units. Contiguous to the subject property and immediately to the north of it was a 29-acre parcel, a portion of which fronted on Harbor Boulevard and was zoned commercial. This property was substantially vacant, but was partially improved with a nursery building, which building was located to the north and west of the subject property.

The owner testified to the effect that he is a licensed general contractor and real estate broker and engages in the business of real estate investment and specializes in residential income properties. He purchased the subject property for R-3 uses, but during the period that he held the option to purchase the subject property, he made no investigation as to a reasonable probability of securing a change of zone. However, when the escrow closed, he did file an application for change of zone from R-1 to R-3, which application for zone change was denied. The owner's opinion as to fair market value was in the sum of $80,000.

The owners' valuation witness was qualified as an expert appraiser and described the neighborhood and the procedures he followed in conducting his investigation for the purpose of forming an opinion of the fair market value. The owners' valuation expert further testified he made an investigation for the purpose of determining whether there was a reasonable probability of a zone change of the subject property as of the date of valuation from R-1 to R-3. In conducting his investigation relating to the zoning issue, he visited the subject property, considered the dimensions and location of the property, considered surrounding uses in the general area, read the Garden Grove zoning ordinances, studied the official zone map of the city, and interviewed certain planning officials. However, he never obtained an expression of opinion from any of the zoning officials interviewed as to the reasonable probability of a zone change on the subject property. He ascertained that the single zone change allowed in the immediate area from R-1 to R-3 was the result of the proposed freeway construction, and in investigating the background of the trailer sales yard on the south side of Trask Avenue, he did not ascertain when the change of zone was granted or whether the construction of the proposed freeway influenced the zone change. The trial court conducted an extensive hearing outside of the presence of the jury for the purpose of

determining whether the owners' valuation expert was quali-
fied on the basis of the investigation made by him to express
an opinion as to the reasonable probability of a zoning change.
At the conclusion of the foundation hearing, the trial court
sustained the state's objection to a query as to the owners'
valuation expert's opinion as to reasonable probability of zone
change and all of the foundational testimony was then entered
into the record as an offer of proof, which offer was declined.
However, the offer of proof did not embrace the expert's
opinion as to the fair market value of the land involved, and
no evidence as to the witness's opinion as to fair market value
was ever entered in the record. Thus, the jury never heard any
testimony reflecting the owners' valuation expert's opinion as
to the fair market value of the subject property.

The owners next called an expert planning witness for the
purpose of gaining an expression of opinion as to whether
there was a reasonable probability of zone change of the
subject property as of the date of valuation. The planning
expert was a retired planning director of the County of
Orange and had only been retained by the owners two days
prior to testifying, and foundational and *voir dire* testimony
indicated that he arrived at his opinion as to the issue of a
zone change on the morning that he was called to testify. His
testimony established that he was familiar with the neighbor-
hood in which the subject property was located and described
a few of the surrounding uses of property in the immediate
area of Harbor Boulevard and Trask Avenue. When an objec-
tion was made to the expression of an opinion by the expert
planner, relative to the issue of reasonable probability of zone
change, the court excused the jury in order to permit the
owners' counsel to lay a further foundation as to the expert's
qualifications with reference to the specific issue. The owners'
planning expert indicated that he had not conferred with any
of the city's planning or other governmental authorities rela-
tive to the reasonable probability of a zone change, and that
because he had not actually conferred with said planning or
councilmanic authorities, he would not be in a position to
express an opinion as to the "reasonable probability" of a
zone change from R-1 to R-3, but would have to confine his
opinion to a "reasonable possibility" of a zone change, and
the court sustained an objection to the expression of an
opinion by the owners' planning expert, whereupon the
owners rested their case.

A summary of the state's valuation expert's testimony

reflects that the highest and best use of the subject property was R-1 and that there was not a reasonable probability of a zone change from R-1 to R-3 zone. His opinion of the fair market value as of the date of valuation, based on an R-1 use, was in the sum of $35,000. On cross-examination, he testified that the subject property was acquired by the defendant-owners for the sum of $52,500 some three months prior to the commencement of the condemnation action. He further established that the principal zoning of properties on the south side of Trask Avenue easterly of Harbor Boulevard was R-1, and that any zone changes since the year 1956 were based on knowledge of the contemplated freeway. However, absent the freeway influence, there would be no reasonable probability of a zone change of the subject property on the date of valuation.

The plaintiffs' expert planning witness testified that he was planning director for the City of Garden Grove and indicated that applications for rezoning of the subject property had been previously made prior to the date of valuation and that in discussing the issue with the staff of the planning department in the year 1963, it had been concluded that there was no reasonable probability of rezoning the subject property. He reviewed files on zone changes, compared the subject property with other property in the city considered comparable, and formed the opinion on the date of valuation that there was no reasonable probability of rezoning the subject property to R-3 use or any other use. He further testified that any recent zone change as to surrounding properties were influenced by the freeway development.

The defendant-owners appeal from the judgment granting the fee title to the subject property to the plaintiff-State of California and the award in the sum of $35,000, representing the fair market value of the subject parcel, on the following grounds:

1. That the trial court erred in precluding the owners' expert valuation witness and expert planning witness from expressing an opinion as to the reasonable probability of a zone change on the subject property on the date of valuation;

2. That the court erred in instructing the jury that there was no reasonable probability of the zone change from R-1 to R-3;

3. That the court erred in instructing the jury that they

could only consider the purchase price of the subject property paid by the defendant-owners for the sole purpose of testing the opinion testimony of plaintiffs' valuation witness;

4. That the court erred in permitting the state's planning witness to express an opinion to the effect that there was no reasonable probability of a zone change from R-1 to R-3 on the subject property;

5. That the court abused its discretion in denying defendants' motion for a view of the subject property.

■ Where there is a reasonable probability that zoning restrictions will be altered in the near future, the jury should be permitted to consider not only those uses currently permitted, but also other uses to which the property could be devoted in the event of such change. (*People* ex rel. *Dept. of Public Works* v. *Donovan,* 57 Cal.2d 346, 352 [19 Cal.Rptr. 473, 369 P.2d 1]; *Long Beach City H. S. Dist.* v. *Stewart,* 30 Cal.2d 763, 768-769 [185 P.2d 585, 173 A.L.R. 249]. ■ The jury is entitled to consider those factors which a buyer would take into consideration in arriving at fair market value in the event said buyer contemplated a purchase of the property. (*People* ex rel. *Dept. of Public Works* v. *Donovan, supra; Spring Valley Water Works* v. *Drinkhouse,* 92 Cal. 528, 533 [28 P. 681]; *State of Whitlow,* 243 Cal.App.2d 490, 500 [52 Cal. Rptr. 336]; *Los Angeles City H. S. Dist.* v. *Swensen,* 226 Cal. App.2d 574, 581 [38 Cal.Rptr. 214]; *City of Stockton* v. *Vote,* 76 Cal.App. 369, 405 [244 P. 609].) Plausible and probable changes in the character of the neighborhood and in the zoning restrictions in the area constitute factors which a buyer would consider in arriving at an opinion as to the fair market value. (*People* ex rel. *Dept. of Public Works* v. *Donovan, supra; State* v. *Whitlow, supra,* at pages 499-500.) ■ The reasonable probability of a zoning change may be shown by a variety of factors including neighborhood changes and general changes in land use. (*People* ex rel. *Dept. of Public Works* v. *Donovan, supra,* at p. 353.)

■ Evidence of value, based upon a specific use or upon an owner's projected plan, is not admissible. (*Laguna Salada etc. Dist.* v. *Pacific Dev. Co.,* 119 Cal.App.2d 470, 476 [259 P.2d 498]; *East Bay Mun. Utility Dist.* v. *Kieffer,* 99 Cal.App. 240, 250-251 [278 P. 476, 279 P. 178]; *City of Stockton* v. *Vote, supra,* 76 Cal.App. 369, 402-403.) The general rule is that present market value must be determined only by uses for

which land is adaptable and available. (*Long Beach City H. S. Dist.* v. *Stewart, supra,* 30 Cal.2d 763, 768-769; *Los Angeles City H. S. Dist.* v. *Swensen, supra,* 226 Cal.App.2d 574, 582.) However, where land sought to be condemned is not presently available for a particular use by reason of a zoning ordinance or other restriction imposed by law, but the evidence tends to show a "reasonable probability" of a change in the near future, the effect of such probability on the minds of purchasers generally may be taken into consideration in fixing present market value. (*People* ex rel. *Dept. of Public Works* v. *Dunn,* 46 Cal.2d 639, 642 [297 P.2d 964]; *Long Beach City H. S. Dist.* v. *Stewart, supra.*) The burden of proof as to reasonable probability of zone change is on the landowner (*United States* v. *Certain Land in Baltimore County,* 209 F.Supp. 50; 4 Nichols, Eminent Domain (3d ed.) § 12.322(1) 1966 Supp.), and the evidence must at least be in accordance with the usual minimum evidentiary requirements, and that which is purely speculative, wholly guess work and conjectural, is inadmissible. (*Redondo Beach School Dist.* v. *Flodine,* 153 Cal.App.2d 437, 448 [314 P.2d 581].)

The issue thus arises whether a sufficient foundation was laid to permit the owners' expert valuation witness and expert planning witness to express an opinion as to the reasonable probability of a zone change. The test enunciated in the *Flodine* and *Donovan* cases, *supra,* for determining reasonable probability for a change of zone is whether the neighborhood was in a transition stage or whether there was a trend of change in uses whereby one could predict that a zone change was reasonably probable.

Sustaining of objections to questions propounded to an appraiser seeking his opinion as to reasonable probability of a zone change resulting from a freeway improvement on the basis the witness was not qualified as an expert on zoning, although otherwise qualified to give competent appraisals of values of property, has been held not to constitute an abuse of discretion. (*Los Angeles City H. S. Dist.* v. *Swensen, supra.* 226 Cal.App.2d 574, 582.)

 In condemnation proceedings, a judicial discretion in admitting or rejecting evidence as to value is vested in the trial court. (*United States* v. *Block,* 160 F.2d 604.) The determination of the qualifications of a witness to testify concerning value of land is largely within the sound discretion of the trial court. (*Vallejo & Northern R. R. Co.* v. *Reed Orchard*

*Co.*, 169 Cal. 545, 575 [147 P. 238] ; *Sooy* v. *Kunde,* 80 Cal. App.2d 347, 355 [181 P.2d 758] ; *Everts* v. *Matteson,* 68 Cal.App.2d 577, 581 [157 P.2d 651].) ▮ In determining whether the trial court abused its discretion herein, the, evidence clearly indicates that the defendants' valuation expert did not obtain any expression of opinion from the members of the planning commission or city council of Garden Grove. While the expert testified as to a specific zone change from R-1 to R-3 of land lying easterly of the subject property, said witness readily admitted that said change of zone was influenced by the construction of the proposed freeway, which is clearly an "after condition." No investigation was conducted into the background of other zone changes and the record reflects that the witness did not inspect the public files relating to the zone changes. Zone changes obtained on the south side of Trask Avenue were not thoroughly investigated, and the witness could not therefore determine whether said changes were influenced by the imminency of the proposed freeway. Therefore, the zoning authorities having expressed no favorable opinion to him as to the probabilities of a zone change, the witness's failure to investigate the files on changes of zone in the immediate vicinity, and the inability to establish that existing uses in the immediate neighborhood showed a trend of change and that said change had occurred prior to knowledge of the proposed construction of the freeway and were influenced by the freeway, were all factors to be taken into consideration by the trial judge in exercising his discretion in rejecting the offer of proof. The value of condemned property may be proved through a properly qualified witness by eliciting facts relating to his examination of the land and area, and any facts showing knowledge of the subject and capacity to express an opinion. (*County of Los Angeles* v. *Bean*, 176 Cal.App.2d 521, 527 [1 Cal.Rptr. 464].) ▮ "An expert may detail the facts upon which his opinions or conclusions are based, even though his knowledge is gained from inadmissible or inaccurate sources." (*People* ex rel. *Dept. of Public Works* v. *Alexander*, 212 Cal.App.2d 84, 95 [27 Cal. Rptr. 720] ; *Betts* v. *Southern Cal. etc. Exchange*, 144 Cal 402, 409 [77 P. 993] ; *McElligott* v. *Freeland,* 139 Cal.App. 143, 157-158 [33 P.2d 430].) ▮ Value of property may be determined in condemnation proceedings from opinions of *well-informed persons,* based upon purposes for which the property is suitable. (Italics added.) (*People* v. *Al. G. Smith Co., Ltd.,* 86 Cal.App.2d 308, 312 [194 P.2d 750].) ▮ Whether a

witness is qualified to testify concerning the value of land condemned for public use is a question for the trial judge and is subject to his sound discretion. In the absence of a clear abuse of that discretion, the trial court's determination that a witness is or is not qualified to testify to the value of land sought to be appropriated will not be disturbed on appeal. (*Pacific Gas & Electric Co.* v. *Hufford,* 49 Cal.2d 545, 563 [319 P.2d 1033] ; *City of Los Angeles* v. *Frew,* 139 Cal.App.2d 859, 868-869 [294 P.2d 1073] ; *People* v. *McReynolds,* 31 Cal.App. 2d 219, 225-226 [87 P.2d 734].)　　　A witness who is fully qualified to express an opinion on fair market value is not necessarily qualified as an expert to express an opinion on reasonable probability of a change of zone. (*Redondo Beach School Dist.* v. *Flodine, supra,* 153 Cal.App.2d 437, 448.)

　　　The law is likewise clear that in forming an opinion as to reasonable probability of zone change, a witness must exclude all consideration of the effect of the proposed improvement, and knowledge of the pending improvement may not be considered as a factor in determining the fair market value. (*San Diego Land etc. Co.* v. *Neale,* 78 Cal. 63, 75 [20 P. 372] ; *United States* v. *Miller,* 317 U.S. 369 [87 L.Ed. 336, 63 S.Ct. 276, 147 A.L.R. 55].) Simply stated, the rule is that any testimony of reasonable probability of zone change may not take into account the proposed freeway or any influence arising therefrom (*County of Los Angeles* v. *Hoe,* 138 Cal.App.2d 74, 78 [291 P.2d 98] ; *Buena Park School Dist.* v. *Metrim Corp.,* 176 Cal.App.2d 255, 261 [1 Cal.Rptr. 250].)　　　The probability of rezoning or even an actual change in zoning which results from the fact that the project which is the basis for the taking was impending cannot be taken into account in valuing the property in a condemnation proceeding. (4 Nichols, Eminent Domain (3d ed.) § 12.322(1) 1965 Supp.; *United States* v. *Miller, supra,* 317 U.S. 369.) In the instant case, the subject property had been within the scope of the proposed freeway since May 1960. Therefore, changes in land use, to the extent that they were influenced by the proposed improvement, were properly excluded from consideration in evaluating the property taken.

　　　The trial court also exercised its sound discretion in excluding the testimony of the owners' planning expert. The witness admittedly made no investigation of the parcel involved other than to inspect it on the day he testified. He relied on his memory as to the rezoning of a parcel for the

construction of a rest home near the subject premises, which change of zone occurred in the year 1956. His memory with respect to the general zoning of the area south of Trask Avenue was admittedly hazy. Testimony as to value of property may be determined in condemnation proceedings from opinions of *well-informed persons* based upon purposes for which the property is suitable. (Italics added.) (*People* v. *Al G. Smith Co., Ltd., supra,* 86 Cal.App.2d 308, 312.) The trial court should be allowed to exercise its sound discretion in determining the qualifications of witnesses to testify concerning the value of land. (*Laguna Salada etc. Dist.* v. *Pacific Dev. Co., supra,* 119 Cal.App.2d 470, 475; *Sooy* v. *Kunde, supra,* 80 Cal.App.2d 347, 355; *Everts* v. *Matteson, supra,* 68 Cal.App.2d 577, 581; *Mabry* v. *Randolph,* 7 Cal.App. 421, 427-428 [94 P. 403].) Because he had not discussed the probability of a change of zone with zoning officials, the witness admitted his opinion was based on a *"reasonable possibility"* instead of a *"reasonable probability"* of zone change. ■ The test in forming an opinion as to change of zone clearly required the witness to testify as to whether there was a reasonable probability that the zoning restriction would, in the near future, be repealed or amended so as to permit the use in question; whether the prospect of such repeal or amendment of zoning restrictions was sufficiently likely to have an appreciable influence upon present market value. (4 Nichols, Eminent Domain (3d ed.) § 12.322(1); *Long Beach City H. S. Dist.* v. *Stewart, supra,* 30 Cal.2d 763; *City of Beverly Hills* v. *Anger,* 127 Cal.App. 223, 227 [15 P.2d 867]; *People* ex rel. *Dept. of Public Works* v. *Dunn, supra,* 46 Cal.2d 639, 642; *County of Los Angeles* v. *Faus,* ■(Cal.App.) 304 P.2d 257, revd. on other grounds 48 Cal.2d 672 [312 P.2d 680]; *City of Menlo Park* v. *Artino,* 151 Cal.App.2d 261 [311 P.2d 135]; *Redondo Beach School Dist. of Los Angeles County* v. *Flodine, supra,* 153 Cal.App.2d 437.) Considering the patently insufficient background on which to base the expression of an opinion of the owners' planning expert, it cannot be said that the trial court abused its discretion in finding that the required degree of likelihood of a zoning change sufficient to allow this witness to testify had not been shown.

■ The owners' valuation expert never rendered an opinion as to the fair market value of the subject property.

There is therefore nothing in the record indicating his opinion as to fair market value of the property predicated on reasonable probability of a zone change. It is clearly the law that to show prejudicial error, an appellant must demonstrate that the excluded testimony would be favorable to him or that he was prevented from presenting other favorable testimony. (*Brown* v. *Southern Pac. Co.,* 92 Cal.App.2d 639, 644 [207 P.2d 632].) Because there is no proof in the record either in the form of direct evidence or an offer of proof relative to the owners' valuation expert's opinion, it is impossible for the reviewing court to determine whether the expert's opinion was favorable to appellants or unfavorable to such owners. (*Lipman* v. *Ashburn,* 106 Cal.App.2d 616, 619 [235 P.2d 627].)

The owners' contention that the court committed prejudicial error in instructing the jury that there was no reasonable probability of a zone change and that the only evidence indicated that the subject property was zoned R-1 appears to be a correct statement of the law as applied to the evidence in the case before us. It is true that the determination as to whether or not there is a reasonable probability of a zone change is ordinarily a question of fact for the jury. (*People* ex rel. *Dept. of Public Works* v. *Dunn, supra,* 46 Cal.2d 639, 642; *People* ex rel. *Dept. of Public Works* v. *Donovan, supra,* 57 Cal.2d 346, 353) However, property subject to condemnation must be valued for the purposes for which it is adaptable and available and present zoning is clearly an element of availability. (*City of Beverly Hills* v. *Anger, supra,* 127 Cal.App. 223, 227-228; *Los Angeles City H. S. Dist.* v. *Hyatt,* 79 Cal. App. 270, 272 [249 P. 221].) Therefore, because there was no evidence before the jury as to reasonable probability of a zone change, the court acted correctly in advising the jury that there was no question of fact requiring its determination as to reasonable probability of a zone change, and that R-1 zoning was, as a matter of law, the only lawful use which the jury could consider in determining the issue of present fair market value. Instructions must be considered in their entirety, and if, when so considered, they state the law of the case fairly and clearly, then they are, as a whole, unobjectionable even though some isolated passages from a given instruction may be amenable to criticism. (*Los Angeles County Flood Control Dist.* v. *Abbot,* 24 Cal.App.2d 728, 740 [76 P.2d 188].) In *People* ex rel. *Dept. of Public Works* v. *Donovan, supra,* the Supreme Court held that where there were changes in the character of the neighborhood, that a factual issue arose as to

a reasonable probability of zone change, but there was testimony in the *Donovan* case to support the theory of probable rezoning. In the instant case, there was no such evidence requiring a factual determination by the jury with respect to a change of zone.

During the cross-examination of the plaintiff's valuation expert, defense counsel was permitted to ask the witness the purchase price paid by the owners herein for the subject property and the purchase price in the sum of $52,500 was injected into the case. The witness indicated that the purchase price was of no assistance to him in forming his opinion as to present value inasmuch as he regarded the purchase by the defendants as a transaction involving an uninformed buyer.

The trial court instructed the jury that it could only consider the purchase price of the subject property paid by the defendant-owners for the sole and limited purpose of testing the opinion testimony of the state's valuation witness. ▮ Great latitude should be allowed upon the cross-examination of witnesses, for the purpose of testing the knowledge, judgment or bias of the witness; and the discretion of the trial court in allowing questions to be put on cross-examination should not be impugned except for abuse. (*City of Santa Ana* v. *Harlin,* 99 Cal. 538, 545 [34 P. 224] ; *People* ex rel. *Dept. of Public Works* v. *Wasserman,* 240 Cal.App.2d 716, 734 [50 Cal.Rptr. 95] ; *Covina Union H. S. Dist.* v. *Jobe,* 174 Cal.App. 2d 340, 349 [345 P2d 78] ; *Laguna Salada etc. Dist.* v. *Pacific Dev. Co., supra,* 119 Cal.App.2d 470, 475.) ▮ While a recent sale of the condemned property may be considered as a proper criteria of present market value (*Bagdasarian* v. *Gragnon,* 31 Cal.2d 744 [192 P.2d 935] ; *Redondo Beach H. S. Dist of Los Angeles County* v. *Flodine, supra,* 153 Cal.App.2d 437, 449; *Eatwell* v. *Beck,* 41 Cal.2d 128 [257 P.2d 643] ; *Los Angeles County Flood Control Dist.* v. *McNulty,* 59 Cal.2d 333 [29 Cal.Rptr. 13, 379 P.2d 493]), it is necessary that a foundation be laid for the purpose of reflecting that the recent sales price truly reflects present market value. The criterion for determining present fair market value assumes a willing buyer having full knowledge of the condition of the property, its availability for use, and all things about the property which would affect its fair market value. (*People* ex rel. *State Park Com.* v. *Johnson,* 203 Cal.App.2d 712, 721 [22 Cal.Rptr. 149].) In the instant case, the state's valuation expert indicated that the price paid by the defendants was of no help to

him in forming his opinion as to the market value of the subject property on the valuation date inasmuch as he did not regard the defendants as informed buyers. Furthermore, the defendant-owner, Carl Arthofer, testified to the effect that his opinion of the fair market value on the valuation date was in the sum of $80,000, which was a sum $27,500 in excess of the purchase price paid by him and his spouse for the property three months earlier, which factor indicates that the owner did not regard the purchase price paid as significant in determining fair market value.

■ The trial court determined that the state's planning witness was qualified to express an opinion to the effect that there was no reasonable probability of a zone change from R-1 to R-3. A review of the record reflects that a foundation was laid to indicate the witness's experience for a period of 7½ years in the planning department of the City of Garden Grove and that he had actual knowledge of the attempt to rezone the subject property in the year 1963. The witness, in conducting his investigation of the subject property for the purpose of determining its availability for rezoning, reviewed zoning applications, compared the subject property with other properties considered comparable, and showed a thorough knowledge of the policies of the planning commission and city council with reference to zone changes. The trial court's determination that proper foundation had been laid for the admission of his opinion to the effect there was no reasonable probability of rezoning of the subject property on the date of valuation appears to have been a fair exercise of its discretion.

The owners' counsel made a motion for a jury view of the subject property and the trial court sustained the state's objection to the view on the apparent ground that the condition of the property had changed due to the prior taking of the property for freeway construction.

■ In an eminent domain proceeding, a view of the property under condemnation is discretionary with the trial court. (Code Civ. Proc., § 610; *Laguna Salada etc. Dist.* v. *Pacific Dev. Co., supra,* 119 Cal.App.2d 470, 477.) A trial court's determination denying a jury view will not be reversed on appeal unless the record clearly shows an abuse of discretion. (*People* v. *Logan,* 198 Cal.App.2d 581, 590 [17 Cal.Rptr. 674]; *Nunneley* v. *Edgar Hotel,* 36 Cal.2d 493 [225 P.2d 497].) The record indicates that exhibits were introduced

into evidence which depicted the subject property in its ''before condition,'' and maps and diagrams were introduced depicting major streets in the vicinity of the subject property. It thus appears that the jury had ample knowledge of both the property and the surrounding area.

Judgment affirmed.

McCabe, P. J., concurred.