JEROME D. MACK AND JOYCE MACK, HUSBAND AND WIFE; MILTON J. SIEGEL AND EVELYN R. SIEGEL, HUSBAND AND WIFE; SIDNEY TAMKIN AND SHIRLEE TAMKIN, HUSBAND AND WIFE; PIONEER TITLE INSURANCE COMPANY OF NEVADA; FIRST NATIONAL BANK OF NEVADA, TRUSTEE FOR ESTATE OF LUTHER B. SCHERER, APPELLANTS, v. THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT.

No. 4401

November 10, 1961                    365 P.2d 1117

*Magleby & Posin,* of Las Vegas, for Appellants.

*Roger D. Foley,* Attorney General, and *Earl Monsey,* Deputy Attorney General, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

Respondent, on behalf of its Department of Highways, brought this action to condemn a portion of appellants' land which constitutes a part of a large parcel situated at the northwest corner of the intersection of Paradise Valley Road and Bond Road in Clark County, Nevada, for the construction and improvement of a public highway. The portion of land taken bordered Bond Road and averaged 50 feet in width but increased to approximately 203 feet along Paradise Valley Road at the intersection, because the corner of appellants' tract was cut off in order to allow a rounded turn into Bond Road for traffic coming from the north to the south on Paradise Valley Road.

Although appellants contended below that their damages were in excess of $10,300 allowed by the court, they do not dispute the fact that there was evidence

to support the court's conclusion that this sum is the fair market value of the land taken. Their sole complaint on appeal is that they are entitled to severance damages because the proposed improvement will limit access to their remaining land.

The case was tried by the court without a jury. In its written opinion the court stated that there was no severance damage, even though there was evidence that the corner could be best used as a service station and this use would be materially impaired by the proposed construction. The court further stated that the construction would improve the corner rather than "being a deterrent" and specified the particular testimony in support of its determination that there was no compensable severance damage. The court's formal findings state (a) that the value of the property condemned is the sum of $10,300; (b) that no damages will accrue to the remaining property of appellants by reason of the severance and the construction and improvement of the highway as proposed.

Respondent strenuously insists that an award of severance damages would find no support in the evidence, while appellants with equal force maintain that the record contains evidence to show the monetary extent of such damage. In support of their contention appellants have cited that part of the record which contains testimony of the witnesses Mack and Thomas. We have diligently examined the testimony of these two witnesses and find that their valuations relate solely to the property condemned. Mr. Mack expressly stated that he was not testifying as to severance damages. Mr. Thomas, after computing the acreage of the two parcels of the area condemned, gave his valuation thereof and at no time testified as to the amount of the damages for the injuries accruing to the residue from the taking.

In a condemnation proceeding the burden is upon the landowner to prove the damage resulting to his other lands by reason of the severance. State ex rel. Department of Highways v. Pinson, 66 Nev. 227, 207 P.2d 1105. In the absence of any evidence of damage

to the residue an award for severance damage would be improper.

In the present case the court was fortified in its conclusion by positive evidence of expert witnesses that there was no damage to appellants' remaining land resulting from the severance. This in itself is sufficient to sustain the trial court's refusal to allow severance damages. City of St. Louis v. Buselaki, 336 Mo. 693, 80 S.W.2d 853.

Affirmed.

BADT, C. J., and THOMPSON, J., concur.