JOHN ANDREWS and KARIN ANDREWS, Appellants,
v. KINGSBURY GENERAL IMPROVEMENT DIS-
TRICT NO. 2, a Municipal Corporation, Respond-
ent.

No. 5341

January 24, 1968                    436 P.2d 813

*Lester H. Berkson,* of Zephyr Cove, for Appellants.

*Manoukian and Manoukian,* of Zephyr Cove, for Respond-
ent.

## OPINION

By the Court, THOMPSON, C. J.:

The property owners appeal from that part of a district court judgment in a condemnation case denying them severance damages and refusing to tax as costs the fee of their expert witness for court testimony and preparation of an appraisal report.[1]

John and Karin Andrews own a rectangular parcel of land within the Kingsbury General Improvement District, Douglas County, near Lake Tahoe. The improvement District brought a condemnation suit to acquire a strip of the Andrews' property for a public road. The proposed road courses approximately through the middle of the Andrews' property in a general north-south direction. The area is zoned for single family residences and the zoning regulations require 12,000 square feet of lot area for each dwelling. The east side of the property where the Andrews have their residence is susceptible of division into two single family dwelling lots each meeting the 12,000 square feet requirement. However, the proposed road will not leave two dwelling lots on the west side of their property each with enough area to meet the zoning regulation. But for the road, the regulation would be met on the west side as well.[2] By reason of this circumstance the Andrews sought severance damages which their expert appraiser fixed at $4,024.15.

The adversaries agree that single family residences constitute the highest and best use for the Andrews' property. The district court ruled out severance damages simply because the Andrews

---

[1] The part of the judgment awarding compensation for the land actually taken is not challenged.

[2] According to the record, if the Andrews were to sell one portion of their property on the west side containing 12,000 square feet, they would be left with an area containing 11,499 square feet which would not meet zoning standards. On the other hand, if they were to sell two lots on the west side of equal size (11,749 square feet each), neither lot would meet the area requirement.

did not offer evidence that they intended to subdivide their property for single family dwellings. Such evidence is not required. A landowner is entitled to compensation for the highest and best use to which his property may be put, and is not limited by the use actually made of it [State v. Jacobs, 397 P.2d 463, 464 (Utah 1964); People v. Ocean Shore R.R., 196 P.2d 570, 584 (Cal. 1948); Moyle v. Salt Lake City, 176 P.2d 882, 888 (Utah 1947)], and severance damages must be given by the trier of fact if such damages are incurred. NRS 37.110.[3] The burden rests with the owner to prove such damages. Mack v. Department of Highways, 77 Nev. 422, 424, 365 P.2d 1117 (1961); State v. Pinson, 66 Nev. 227, 236, 207 P.2d 1105 (1949).

In the case at hand the landowner offered and the court received competent evidence of severance damage. It seems clear that such damage may result if the 12,000 square feet per lot requirement is strictly enforced. However, the trial court's erroneous belief that the owners were also required to offer evidence of their intention to subdivide for single family residence use, caused it to deny severance damages out of hand, and effectively precluded the condemnor from submitting competent countervailing evidence on the issue. For example, there is a suggestion in the record that the appropriate authority would probably grant a variance from the square footage restriction, if the Andrews made application therefor. Evidence of that kind, if offered through a competent witness, is relevant to severance damage. School Dist. No. 13 v. Wicks, 227 N.Y.S.2d 768 (1962); In re Old Riverhead Road, 264 N.Y.S.2d 162 (1965).[4] Since there was not a full hearing on this aspect of the severance damage issue, we must remand for further consideration.

With regard to costs in an eminent domain case, our statute provides that "Costs may be allowed or not, and if allowed may be apportioned between the parties on the same or adverse sides, in the discretion of the court." NRS 37.190. Here, the

---

[3]NRS 37.110 reads in part: "The court, jury, commissioners or master must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:
* * *

"2. If the property sought to be condemned constitutes only a part of a large parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned * * *."

[4]As to zoning as a factor in the determination of damages in eminent domain, see cases collected in 9 A.L.R.3d 291.

property owners contend that they are entitled to recover the fee charged by their expert appraiser for his appraisal report ($475) and court testimony ($150). The district court denied recovery for the report, but did allow $100 for the court testimony of the expert.

Our statute was borrowed from California. See Code of Civil Procedure, Sec. 1255. The California courts, after noting that the code does not specify what items may be included as costs, have ruled that they are the same as those recoverable in ordinary civil actions. People v. Bowman, 343 P.2d 267 (Cal.App. 1959). We approve that construction. Since our general cost statutes do not provide for the inclusion of the cost of securing an appraisal report or the expert fee of an expert witness (NRS 48.290(1) limits witness fees as costs to $5 for each day's attendance in court), we must conclude that the lower court correctly denied recovery for the cost of the report, but erred in allowing more than $5 for the witness fee.

Although it was not essential to discuss the cost issue (since our remand for further proceedings itself effectively nullifies the judgment for costs), perhaps an expression of our view will aid the district court in settling costs following completion of the case in the trial court.

Reversed, and remanded for further proceedings consistent with this opinion.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.