313 So.2d 75 (1975)
Albert BLOCK, Appellant,
v.
ORLANDO-ORANGE COUNTY EXPRESSWAY AUTHORITY, Appellee.
No. 74-349.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
*76 John S. McEwan, II, Sanders, McEwan, Mims & McDonald, Orlando, for appellant.
Elmo R. Hoffman and Jeffrey E. Streitfeld of Hoffman, Hendry, Parker & Smith, Orlando, for appellee.
RUSSELL E. SEAY, Jr., Associate Judge.
In a prior proceeding, Orlando Orange County Expressway Authority instituted an action to condemn Lot 12 in Block C. The owner, Albert Block filed an answer wherein he also alleged damages to Lots 7 through 18 in Block B as the result of loss of access to these lots. Thereafter, the court, upon joint motion, entered a final judgment confirming title to Lot 12 in Block C to the Authority and "for all other damages of any nature".
About one year later the owner filed an inverse condemnation action alleging loss of access to Lots 7 through 12 in Block B. The authority answered and also affirmatively stated that any damage resulting from loss of access to Lots 7 through 12 in Block B had been litigated in the prior action. The trial judge refused to strike the affirmative defenses and subsequently granted a motion for judgment on the pleadings. The owner has appealed.
The owner contends that the issue was not properly raised in the prior action, or if so, it was not properly adjudicated in that action. He points out that the final judgment did not specifically refer to the property in question and the words "and for all other damages of any nature" are too ambiguous for the entry of a judgment on the pleadings.
It is difficult to understand the owner's argument when he was the one who asked for additional damages for loss of access to Lots 7 through 12 in Block B and then, without a trial, jointly moved for, and approved, the final judgment entered by the court. The issue of additional damages to the lots in Block B was squarely raised by the owner in his answer. True, the claim for damages should have been raised by counterclaim but the failure to so designate the pleading does not lessen the claim.
FRCP 1.110(d) requires that
"When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms if justice so requires, shall treat the pleading as if there had been a proper designation."
*77 It certainly would have been permissible, and in fact, more expedient and proper to have raised the issue of damage to the other lots by permissive counterclaim. As stated in the footnote by the Rules Committee in commenting upon permissive counterclaims, FRCP 1.170, "The purpose of the rule is to permit the determination in a single proceeding of all controversies between the parties and thus avoid multiplicity of actions."
A further enlightening commentary on this situation is found in Florida Eminent Domain Practice and Procedure, 2nd Edition, Chapter 10, Section IV, Pleading and Practice, Sub-section A. (10.10):
"Under the provisions of RCP 1.170, an owner may plead inverse condemnation as a counter claim in regular eminent domain proceedings to recover compensation for a taking that occurred in fact different from, or greater than, the taking authorized, contemplated and described in the petition filed in the statutory proceedings. Such an instance would exist when the owner has been deprived of his property during the course of construction or during the acquisition process.
"If the owner in a regular eminent domain proceeding has any doubt about whether the damages he seeks to recover are occasioned by the taking sought in the original petition filed by the comdemning authority or in fact constitute a claim for damages caused by a taking not alleged in the condemnor's petition, but arising out of the course of the same project, caution dictates that he should allege the damages both by way of a claim for special damages in his answer and by way of a counter claim for inverse condemnation."
In the final judgment in the prior proceeding it was necessary to specifically describe the property being conveyed to the Authority. The very nature of the proceeding was to change ownership from the individual to the Authority. Not so with respect to the lots in Block B. The ownership interest of Albert Block was not being affected by the proceedings, only his means of getting to the property.
The issue of damages to the lots in Block B was properly raised in the prior condemnation proceeding and all issues in that action were properly adjudicated by the final judgment. The trial judge was correct in entering a judgment on the pleadings in this case.
The judgment is affirmed.
OWEN, C.J., and DOWNEY, J., concur.