RAINBOW BLVD. EXPRESSWAY–ALEXANDER ROAD, A LIMITED PARTNERSHIP, DONALD P. ROMANO, BARBARA E. ROMANO, PARTNERS, AND ROMANO REALTY, INC., APPELLANTS, *v.* THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT.

No. 11585

July 29, 1980                                    615 P.2d 931

638

*Bell and Young, Ltd.,* for Appellants.

*Richard Bryan,* Attorney General, and *Timothy D. Hay,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

This condemnation judgment was entered according to a stipulation that it would be treated as a summary judgment on the issue of severance damages in favor of respondent. Appellants agreed as to the amount of damages for the land actually condemned, but contended that they should be allowed severance damages accruing to the land not condemned. In this appeal, we are required to decide whether the waivers in a deed

of a parcel of land to a municipal government were valid and, whether the trial court erred by precluding appellants from introducing evidence of severance damages. We hold that the trial court erred in precluding such evidence.

On March 9, 1977, respondent state filed a complaint in eminent domain on 2.31 acres of appellants' property (herein referred to as Parcel B), which abutted land to be used in the construction of U.S. Expressway 95.[1] Appellants' entire parcel of land (Parcels B and C) was on the northwest corner of and directly abutted the proposed expressway at its intersection with Alexander Road. The affidavit of valuation placed the estimated fair market value of Parcel B, which would have no abutter's rights or easements of access, at $13,900. On April 12, 1977, appellants answered and counter-claimed alleging that a 1963 deed from their predecessors to the City of Las Vegas was invalid. This deed had conveyed an easterly seventy-five foot strip (Parcel A), just east of the present parcel, to the City of Las Vegas and its assigns in contemplation of a possible primary or interstate route to be constructed by the state. The counterclaim here contended that that deed was without consideration and that the grantee had not complied with its terms. The counterclaim also alleged that the state was now leaving appellants with a noneconomic remnant which fronted Alexander Road.

On April 26, the state moved to dismiss contending that appellants could not assert an invalid deed against the state when the deed had been to the City of Las Vegas. The trial court subsequently ordered the dismissal of the counterclaim and consolidated all the arguments into the condemnation action.

On November 16, 1978, the state filed a motion in limine requesting that the court determine that appellants had waived all damage claims to property which remained adjacent to the

property being condemned. The appellants had received the property from their predecessors on August 31, 1976. That deed had excepted the easterly seventy-five foot strip of property (Parcel A), which previously had been conveyed to the city. The deed was also subject to the restrictions in that 1963 deed. The 1963 deed provided that Parcel A was conveyed along with any and all abutter's rights, including access rights pertinent to the remaining property, "if and when said street shall be designated a Primary or Interstate Route by the State of Nevada . . . ." Additionally, the 1963 deed purported to waive the grantors' claim for any and all damages to the remaining adjacent land by reason of the location and maintenance of the highway. The state thus moved to preclude the appellants from claiming any damages to the remainder of its property or damage for the loss of access rights.

On December 5, 1978, appellants filed an opposition to the motion and tendered three arguments. The first argument was that there had been no reference in the 1963 deed to land adjacent to Alexander Road of which the state was now trying to condemn. Appellants argued that the state was now leaving an uneconomic remnant of an additional ten feet. The second argument was that appellants were entitled to damages arising out of the widening of the main highway. Appellants' final argument was that the 1963 deed failed for lack of consideration. Appellants argued that the waiver of damages for the construction of a road on the deeded property was subject to the condition that such a road actually be built. Because this road was never constructed, appellants alleged that the consideration for waiver of damages had failed. Thus, they claim that they may recover damages to pay for improvements necessary to protect their property from flooding, noise, and other matters. Appellants also filed affidavits showing that no payments had in fact been made to the previous owners and that Parcel A had been acquired as a result of a dedication to the city. On appeal, respondent contends that because Parcel A was dedicated to the city, no consideration for the property was required, even assuming the appellants have standing now to challenge that deed.

### 1. Validity of the 1963 Deed.

Appellants are not asserting title to Parcel A which was conveyed to the city. Instead, they contend that the waivers of damage to the remaining Parcel C, which they now own, are void for lack of consideration and fraud in the conveyance of Parcel A by their predecessors to the city. The invalidity is claimed as a defense against the *state's* condemnation action of Parcel B although the waivers appeared in the deed of Parcel A

to the City of Las Vegas. Certainly, if such waivers are now found to be invalid with regard to damages caused by the city, then there would have been a failure to join a necessary party. *See* Johnson v. Johnson, 93 Nev. 655, 572 P.2d 925 (1977); NRCP 19(a). Should we decide only that such waivers do not apply to damages caused by the *state,* the city would not be an indispensible party.

In any event, we find appellants' arguments to be without merit. First, appellants themselves argue that the conveyance to the city was a dedication. A dedication is a gift of land for an appropriate public use and thus requires no consideration. Lovett v. County of Harris, 462 S.W.2d 405, 408 (Tex.Civ.App. 1979). *See* McKernon v. City of Reno, 76 Nev. 452, 357 P.2d 597 (1960). Second, even if this was not a dedication, the deed itself does state the conveyance to the city was "for and in consideration of the sum of One Dollar, . . . and other good and valuable consideration, the receipt whereof is hereby acknowledged . . . ."[2] *See* McGill v. Headrick, 578 S.W.2d 377, 382 (Tenn.App. 1978). Appellants argue that either the consideration for the conveyance was that a street be constructed or that this was a condition for the waivers. But the deed does not clearly show either. The deed only purports to waive access rights of the remaining property to Rainbow Boulevard (the proposed highway) "if and when said street shall be designated a Primary or Interstate Route by the State of Nevada." There is no set time limit on the construction and such construction is not limited to that of the city. We do not find the failure of a condition. *See* State *ex rel.* Dep't Hwys. v. LoBue, 83 Nev. 221, 223-24, 427 P.2d 639, 640-41 (1967). Because appellants could not prevail on any theory, summary judgment was appropriate. NRCP 56.

2.   *The Damage Waivers.*

Having concluded that the 1963 deed is valid, we must still decide whether the waivers of damages have application to a subsequent condemnation action by the state. In the conveyance of the seventy-five foot strip (Parcel A) from appellants' predecessors to the City of Las Vegas, the grantors waived,

> with full knowledge that if a Primary or Interstate Route and the necessary incidents thereto are to be located upon . . . [Parcel A], any claim for any and all damages to the

---

[2]It is interesting to note that this recitation of consideration is just as clear as that in the deed of Parcels B and C to appellants.

remaining adjacent lands and property of the GRANT-ORS by reason of the location, construction, landscaping and maintenance of said highway . . . .

There was also a conveyance of abutter's rights and access rights to Rainbow Boulevard.

Appellants now argue that they are entitled to damages notwithstanding the 1963 deed. They claim damage from the fact that the state is leaving an uneconomic remnant of ten feet along *Alexander Road* (the road on the southern boundary of the parcel and not specifically mentioned in the 1963 deed), and damage resulting from the widening by the state of the right of way owned by the city. These arguments have merit in the context of a summary judgment.

The waiver in the 1963 deed was based on the belief that a highway would be constructed on the property then conveyed to the city. Because this could include construction by the state, the grantor could not then claim any damages to its remaining property. But the construction has now expanded and intensified and the state is taking a separate piece of property. There may be some damages now occurring which are beyond the contemplation of the parties to the original deed.[3]

The effect of the 1963 deed was to vest a governmental entity with title to the seventy-five foot strip as if it had also been condemned. Thus, any damages now affecting appellants as a result of the 'original conveyance may not be litigated. *See* Block v. Orlando-Orange County Expressway Authority, 313 So.2d 75 (Fla.App. 1975). But, if the new appropriation has caused damage to appellants' remaining parcel above and beyond that damage which would have resulted from the highway on the seventy-five foot strip, appellants are entitled to recover. *See* DeVore v. State Highway Comm'n, 54 P.2d 971 (Kan. 1936). The deed does not preclude appellants from demonstrating new and uncontemplated damages. We believe we should strictly construe a waiver of damages so as not to bar a claim which had not accrued when the release was executed. Henry Shenk Co. v. City of Erie, 43 A.2d 99, 102 (Pa. 1945). Thus, there can be no waiver as to matters which were beyond the contemplation of the parties.

---

[3]With regard to the effect of the widening of the right-of-way, a reduction in the size of appellants' remaining parcel may preclude them from certain types of zoning and attendant construction. *See* Andrews v. Kingsbury Gen. Improvement, 84 Nev. 88, 90, 436 P.2d 813, 814 (1968). This may be beyond the impariment caused by the first severance of property. Whether or not other alleged damages, such as the lack of electrical conduits or the need for a sound barrier, grade change, or flood control can be demonstrated by appellants as being above and beyond those initially incurred or contemplated is a matter of fact which must be determined upon remand.

Although the language of the waivers is broad, and can arguably be interpreted to include all subsequent damages, on a motion for summary judgment all doubt should be resolved in favor of the non-moving party. NRCP 56. Thus, this case must be remanded for a trial on these alleged damages.

We affirm the lower court concerning its entry of summary judgment on the validity of the 1963 deed and reverse and remand this case for trial regarding the question of severance damages.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.