McCORD, Judge.
Appellant, Columbia Sussex Corporation, Inc., appeals a final judgment of apportion *91 ment in which the trial judge ruled that appellant is not entitled to any apportionment of the damages awarded to appellee for the taking of a portion of appellee Jerri-co’s property in the eminent domain proceeding below. We affirm.
Appellant is the owner of the property adjoining Jerrico’s property. Appellant and Jerrico have reciprocal ingress, egress and parking easements on their adjacent properties. When a portion of Jerri-co’s land became the subject of the eminent domain proceeding, appellant became a party thereto and raised the issue of its own damages as a result of the taking. A verdict on damages was entered after which appellant moved for apportionment pursuant to Section 73.101, Florida Statutes. The trial court’s finding in its final judgment of apportionment that appellant did not suffer any damage resulting from the taking of the fee simple title to a portion of Jerrico’s property is supported by the evidence. Therefore, we affirm the final judgment.
In the final judgment of apportionment, the trial court gratuitously further stated that appellant may seek a separate award from the condemning authority, ap-pellee Department of Transportation. Although no issue has been raised as to that statement through cross-appeal by appellee Department of Transportation, we must deal with the question since that statement is inconsistent with our basis for affirming the trial court’s ruling. Since the issue of appellant’s damages was raised and determined in the proceeding below, appellant is precluded from further litigating such question against the Department of Transportation. See Block v. Orlando-Orange County Expressway Authority, 313 So.2d 75 (Fla. 4th DCA 1975).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and MILLS, J., concur.