M & R INVESTMENT COMPANY, INC., a Nevada Corporation, Appellant, v. THE STATE OF NEVADA, on Relation of Its Department of Transportation, Respondent.

No. 16828

October 29, 1987        744 P.2d 531

446

*Kermitt L. Waters,* Las Vegas for Appellant.

*Brian McKay,* Attorney General, *Melvin Beauchamp,* Deputy Attorney General, and *Dale Haley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

This action, tried before a jury, was brought by the State of Nevada (State) seeking to condemn property owned by M & R Investment Company (M & R).

The State's eminent domain action was intended to obtain approximately fourteen acres of M & R's twenty-seven-acre parcel of property for the expansion of the I-15 interchange at Flamingo Road in Las Vegas. The twenty-seven acres is situated on the west side of I-15. The Dunes Hotel, also owned by M & R, is on the east side of I-15 directly across from the property at issue. Contemporaneously with the filing of the complaint, the State filed a motion for immediate occupancy. The court granted that motion and required $2,393,800.00 to be deposited in court by the State (the value of the land as per the state appraisal).

M & R's answer to the State's complaint placed into issue the question of which property was to be considered the large parcel for purpose of valuating the parcel condemned and determining severance damages. M & R contended that the large parcel

should consist of the combined properties on both the west and east sides of I-15. The State insisted that only the twenty-seven-acre parcel on the west side of I-15, from which the condemned acreage was taken, should be considered the large parcel. The district court agreed with the State and ruled at a pre-trial hearing that the large parcel consisted of only the twenty-seven acres on the west side of I-15.

After the district court's ruling on the large parcel issue, M & R sought to include the possibility of joinder in its expert's valuation of the parcel condemned. The trial court disallowed the use of the joinder theory by M & R's real estate expert because it was substantially similar to the large parcel theory and constituted an attempt to avoid indirectly the court's earlier ruling concerning the composition of the large parcel.

Ultimately, the jury returned a verdict placing the fair market value of the condemned fourteen acres at $2,040,000.00 and severance damages to the remainder of the west parcel at $180,000.00. M & R appeals the award.

Certain historical facts provide context and clarity to the issues before us. Originally, M & R owned a 188-acre parcel of land situated at the southwest corner of Flamingo Road and Las Vegas Boulevard. In 1965, the State successfully brought an eminent domain action for the purpose of building I-15. As a result, approximately twenty-seven acres were isolated on the west side of the freeway; the balance remained where the Dunes Hotel and golf course are located on the east side of the freeway. M & R was paid $45,000.00 in severance damages at that time.

In 1980, M & R formulated two alternative plans to develop the parcel on the west side of the freeway in conjunction with its hotel, casino and golf course. The first plan was to move four or five holes of the golf course to the west side of the freeway, thus releasing property on the east side for condominium development. Later, M & R formulated a plan to connect the west parcel to the east parcel by a monorail in contemplation of using the west parcel as a park for recreational vehicles.

During the period in which these improvements were contemplated, the Dunes Hotel used the west parcel for overflow hotel parking. Cars were parked there during special events at the Dunes Hotel and Caesar's Palace.

Later approval for the expansion of the interchange at I-15 and Flamingo Road necessitated condemnation of approximately fourteen acres from the twenty-seven-acre parcel west of the freeway, thus resulting in the present action. M & R contends on appeal that the district court erred in ruling that the twenty-seven-acre parcel situated west of I-15 was the large parcel for purposes of determining the value of the parcel taken and severance damages to the remainder. Alternatively, M & R contends that the

district court erred in ruling that the theory of joinder was not applicable. M & R argues that the issues should have gone to the jury for factual determinations. For reasons hereinafter specified, we conclude that the trial court so erred, and we reverse the judgment.

### *Large Parcel and Severance Damages*

As noted above, M & R sought to have the condemned fourteen acres in the west parcel considered part of the large parcel consisting of those parcels on both the east and west sides of I-15. The concept of large parcel is instrumental in determining both the value of the property condemned and whether severance damages are to be awarded in an eminent domain action. Historically, severance damages are awarded when a partial taking of a landowner's property occurs. The owner recovers not only the value of the land actually taken, but also the amount by which the remaining parcel is diminished in value by virtue of the severance. *See* Andrews v. Kingsbury Gen. Improvement Dist. No. 2, 84 Nev. 88, 436 P.2d 813 (1968); NRS 37.110.[1] Severance damages will not be awarded for injury to separate and independent parcels owned by the condemnee. Sharp v. United States, 191 U.S. 341 (1903); State v. McDonald, 656 P.2d 1043 (Wash. 1983). The issue thus presented becomes one of identifying the remaining parcel that is injured when property is condemned. In other words, from which "large parcel" was the condemned property taken?

In order to show that a parcel condemned is part of a larger parcel, it is generally held that there must be unity of title, contiguity, and unity of use of the property. City of Los Angeles v. Wolfe, 491 P.2d 813, 815 (Cal. 1971). Ordinarily, physical contiguity must be shown but is not always necessary. 491 P.2d at 815. The parcels damaged need not be physically contiguous to

---

[1]NRS 37.110 states, in pertinent part:

> The court, jury, commissioners or master must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:
>
> . . . .
>
> 2.   If the property sought to be condemned constitutes only a part of a large parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.
>
> . . . .
>
> As far as practicable, compensation must be assessed for each source of damages separately.

those taken so long as the evidence discloses an actual and existing[2] unity of use and purpose and an existing, lawful and utilized access between the parcels. 491 P.2d 819; Cole Investment Co. v. United States, 258 F.2d 203 (9th Cir. 1958); Housing Authority of the City of Newark v. Norfolk Realty Co., 364 A.2d 1052 (N.J. 1976); Sauvageau v. Hjelle, 213 N.W.2d 381 (N.D. 1973) (unity of use evidenced by integrated use of non-contiguous parcels); State Road Commission v. Williams, 452 P.2d 548 (Utah 1969) (unity of use evidenced by non-contiguous parcels functioning as a single economic unit); 4A Nichols, *The Law of Eminent Domain,* § 14.26[1] at 14-678 (J. Sackman ed. 1985).

Under the prevailing rule, identification of the larger tract is an issue of fact to be decided by the trier of fact. United States v. 8.41 Acres of Land Situated in Orange County, State of Texas, 680 F.2d 388 (5th Cir. 1982), *reh'g denied,* 685 F.2d 1385 (1982); Victor Co. v. State, 186 N.W.2d 168 (Minn. 1971); 4A Nichols, above, § 14.26 at 14.649. Some jurisdictions hold that the identification of the large parcel is a question of law, fact, or both, which the judge should determine. United States v. 105.40 Acres of Land, More or Less, in Porter County, State of Ind., 471 F.2d 207 (1972); People v. Nyrin, 63 Cal.Rptr. 905 (Ct.App. 1967). While accepting the prevailing rule as being preferable in general, we recognize that there may be instances wherein the facts are so compellingly clear that the issue becomes one of law for determination by the trial court.

In this case, however, the facts are not so compellingly clear as to warrant taking the determination away from the jury. The use of the west parcel as a parking facility in conjunction with the Dunes Hotel would have justified a jury finding that there was a unity of use favoring M & R's position. The district court erred in

---

[2]M & R asserts that there exists a federal minority rule which provides for severance damages to noncontiguous parcels when evidence discloses an integrated unitary use in the reasonably near future. Baetjer v. United States, 143 F.2d 391 (1st Cir. 1944), *cert. denied,* 323 U.S. 772 (1944). This statement, however, is merely dicta. Furthermore, the language in *Baetjer* is derived from United States v. Powelson, 319 U.S. 266 (1943). The holding in *Powelson* is in reference to joinder and is not related to the issue of severance damages.

*Baetjer's* dictal expansion of the law of large parcel has been questioned by both commentators and other federal courts. *E.g.,* United States v. Certain Parcel of Land in Jackson County, Mo., 322 F.Supp. 841 (W.D. Mo., W.D. 1971); Annotation, *Eminent Domain-Damages-Severance,* 6 A.L.R.2d 1197, 1203 (1949). Thus, we view the so-called minority rule more as an aberration than as an alternate rule.

not allowing the jury to determine whether the condemned west parcel was part of the east parcel for the purpose of awarding severance damages. Thus, the district court's ruling on the large parcel issue is reversed, and the cause is remanded for a new trial in accordance with this opinion.

### Joinder and Valuation of Parcel Condemned

After the trial court ruled that the twenty-seven-acre parcel west of the freeway was the large parcel for the purpose of awarding severance damages, precluding damages to the east parcel, M & R sought to have the entire west parcel valued in connection with the east parcel under the theory of joinder. The trial court rejected the joinder theory as an attempt to achieve the large parcel composition urged previously and rejected by the court.

Joinder, also referred to as assemblage, is a theory involving the prospect of joining separate parcels. People v. Ocean Shore R.R., 196 P.2d 570 (Cal. 1948). If the highest and best use of separate parcels would involve a prospective, integrated, unitary use, then such prospective use may be considered in fixing the value of the property condemned providing joinder of the parcels is *reasonably practicable.* 196 P.2d at 581; *see also* City of Stockton v. Vote, 244 P. 609 (Cal. 1926); People ex rel. Dep't of Public Works v. TeVelde, 91 Cal.Rptr. 556 (Ct.App. 1970). Hence, when valuating the condemned parcel as part of a large parcel or assemblage, the requisite unity of use may be merely prospective; whereas, when assessing severance damages to the remaining part of a large parcel, the requisite unity of use must be actual and present.

Although joinder is a consideration in valuating the condemned property and the damages to the remaining parcels, the possibility of joinder has no bearing on the propriety of awarding severance damages to the remaining parcels. *Ocean Shore R.R.,* 196 P.2d at 582. Thus, even where severance damages to a remaining parcel may not be appropriate, the possibility of joinder may still be a proper consideration in the valuation of the property taken. United States v. Certain Parcel of Land in Jackson County, Mo., 322 F.Supp 8419 (W.D. Mo. W.D. 1971).

To take advantage of the joinder theory, a condemnee must show that joinder or integration of the various parcels in question is reasonably practicable. Factors considered include time and

costs of uniting the land and willingness of other owners to participate in the assemblage. *See City of Stockton*, 244 P. at 609. The party urging the position must lay a foundation showing some probability of joinder and carry the burden of proof. In laying such a foundation, elements affecting value which are possible, but not reasonably probable, should be excluded. *Ocean Shore R.R.*, 196 P.2d at 583.

It is up to the jury to determine whether the market value of the condemned parcel is increased when the possibility of joinder exists. Whether the combination of two parcels is "reasonably practicable" is clearly a question of fact for the jury. *See* County of Santa Clara v. Ogata, 49 Cal.Rptr. 397 (Ct.App. 1966).

M & R attempted to offer the testimony of its appraiser, Mr. Metcalf, to show that under his professional appraisal the highest and best use of the property on the west side was usage in conjunction with the M & R property on the east side. Metcalf was also willing to opine that there was a reasonable possibility that the two properties could be joined for joint usage. The district court refused to admit any evidence regarding joinder with the larger east parcel and limited Metcalf's testimony to the value of the property taken in relation to the smaller, west parcel only.

Evidence of the planned golf course and monorail construction would have justified a jury finding of a reasonably practicable future integration of the east and west parcels. The district court erred in not allowing Mr. Metcalf to testify to the condemned parcel's value based on the possibility of joinder.

The district court's rulings erroneously removed the issues of large parcel and joinder from the jury's consideration of just compensation. Accordingly, the judgment upon the jury verdict is reversed and the matter remanded for retrial.

GUNDERSON, C. J., and YOUNG, J., concur.

STEFFEN, J., dissenting:

Respectfully, I dissent.

In my view the district court correctly understood and applied the law as required by the trial evidence.

### Large Parcel

The majority recognize that identification of the larger tract is an issue of law when the facts are compellingly clear. I agree and conclude that the trial judge, after evaluating the totality of the evidence and the credibility of witnesses, properly determined as a matter of law that the 27-acre parcel of land on the west side of

the freeway constituted the larger parcel affected by the condemnation and the only property subject to valuation for the purpose of establishing severance damages.

Under the general rule of law cited by the majority, City of Los Angeles v. Wolfe, 491 P.2d 813 (Cal. 1971), the property must reflect a unity of title, contiguity and use. The requirement of physical contiguity may be relaxed in the presence of evidence showing an actual and existing unity of use and purpose. No such showing occurred here. The only evidence of integrated use or functional connection between the west and east parcels was irregular, isolated instances when the west parcel was used as supplemental parking for large events hosted by the Dunes Hotel or an unrelated property, Caesar's Palace. There was, therefore, no evidentiary basis under the majority rule for determining that the larger parcel included the Dunes property east of the freeway. Moreover, M & R essentially conceded, in its opening brief on appeal, that it could not prevail under the majority or general rule. It then sought to persuade this court to adopt a so-called minority rule which, interestingly, the majority reject as an "aberration." We are thus faced with the anomaly of M & R recognizing that it must lose under the majority rule since non-contiguous property was not being jointly used at the time of condemnation, and the majority holding that M & R is entitled to have a jury consider the issue under the same rule.

Indeed, even if we were to adopt the aberrational minority position, M & R would still lose. The 1980 "plans" to utilize the west 27 acres as a fractional part of the existing golf course on the east property or to use the west parcel as an RV park connected to the east parcel by monorail represented such tentative, unfocused and speculative prospects for future usage as to fail, as a matter of law, to satisfy the requirement of an integrated use to be implemented in the "reasonably near future."

I agree with the trial court and my brethren in the majority that the general rule applies to this case. I therefore concur with M & R's recognition that, under the general rule, the trial court correctly determined that the west parcel was the large parcel as a matter of law.

## Joinder

After the trial court ruled that the 27-acre parcel west of the freeway was the larger parcel for purposes of awarding severance damages, thus precluding damages to the hotel-casino and golf course operation, M & R sought to have the west parcel valued in connection with the hotel-casino and golf course under the theory of joinder. This theory likewise would have produced greater damages than those suggested by the State, because of the impos-

sibility of joining the parcels allegedly intended for assembly in the future.[1]

The trial court rejected the joinder theory as an attempt by another name to achieve the larger parcel composition urged by M & R. In my opinion, the trial court was correct. The large parcel theory would give severance damages based upon the amount of value lost through severance, while the joinder theory would award damages based on the value lost by disassembling tracts which had been or would, with reasonable probability, be assembled for some higher use. The damages here would be nearly identical.

It is true that courts have accepted the joinder theory, *see* People ex rel. Department of Public Works v. TeVelde, 91 Cal.Rptr. 556 (Ct.App. 1970); County of Santa Clara v. Ogata, 49 Cal.Rptr. 397 (Ct.App. 1966); however, the same issue arises here as with the large parcel theory: was it within the province of the trial court to determine that this theory of appraisal did not apply to the facts as presented? I believe that it was.

The joinder theory requires evidence of reasonable probability that the parcels will be joined in the reasonably near future—this includes considering whether the prospective use of the parcel sought to be "joined" is adaptable for such use, needed or likely to be needed in the near future, and reasonably (i.e., economically) practicable. *Ocean Shore R.R.,* 196 P.2d at 583. The speculative, unfocused and uncommitted prospects for using the condemned acreage as an adjunct to the hotel property to accommodate an RV park or a small portion of the Dunes' golf course simply do not satisfy the legal requisites of joinder. Consequently, the trial court correctly ruled as a matter of law that the theory was inapplicable.[2]

---

[1] The theory of joinder can be explained as follows:

The theory is used to show that the combined properties have a highest and best use superior to that of the single condemned parcel. A higher recovery is then possible when the condemned parcel is considered as part of the larger area. *See* People v. Ocean Shore R.R., 196 P.2d 570 (Cal. 1948).

To take advantage of the assemblage theory, a condemnee must show that joinder or integration of the various parcels in question is reasonably practicable. Factors considered include time and cost of uniting the land and willingness of other owners to participate in the assemblage. *See* Stockton v. Vote, 244 P. 609 (Cal. 1926); People ex rel. Department of Public Works v. TeVelde, 91 Cal.Rptr. 556 (Ct.App. 1970). The weighing of the foregoing factors is a question of fact for the jury. Santa Clara v. Ogata, 49 Cal.Rptr. 397, 401 (Ct.App. 1966). Although the decisions concerning union of parcels have not spoken on the point, the party urging the position must lay a foundation showing some probability of joinder and carry the burden of proof. "[E]lements affecting value which, while possible, are not reasonably probable, should be excluded." People v. Ocean Shore R.R., 196 P.2d at 583.

[2] I observed that in the instant case there would be little difference in the practical effect of either theory. If, as M & R contends, the larger parcel

My review of the law and the record convinces me that the trial court provided a fair basis, to both landowner and taxpayer, for assessing the value of the condemned land and the damages occasioned by its severance from the remaining acreage. Therefore, I would affirm.

MOWBRAY, J., concurs.

---

included the hotel property, the condemned land would have enjoyed the benefit of an appraisal substantially increased by inclusion of the higher valued parcel and improvements. In addition, M & R would have received severance damages representing loss of value sustained by the larger, uncondemned property. *See supra,* n. 1; *TeVelde,* 91 Cal.Rptr. at 559. Under a joinder theory, M & R would have enjoyed the enhanced value effect of joining the condemned parcel with the hotel property, just as it would if considered part of the hotel property as the larger parcel. In addition to the higher value realized on the land taken, M & R also would have been entitled to severance damages based upon the market value of the remaining property both before and after its severance from the condemned acreage. *Id.* Indeed, *TeVelde* refers to the joinder and larger parcel theories interchangeably. *Id.* Under the joinder theory, joinder should be shown to be both reasonably probable and reasonably imminent. *Ocean Shore R.R.,* 196 P.2d at 583. Property owners deprived of property by the power of eminent domain are entitled to just compensation based upon the fair market value of the property taken. They are not entitled to damages founded on speculation or conjecture as to what eventually might be possible concerning the condemned land.